NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HAROLD L. WILBORN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-2533

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-16-0033-I-1.

---

Decided: March 9, 2017

---

HAROLD L. WILBORN, El Cajon, CA, pro se.

LINDSEY SCHRECKENGOST, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK, KATHERINE M. SMITH.

---

Before NEWMAN, DYK, and TARANTO, *Circuit Judges.*

PER CURIAM.

Harold L. Wilborn petitions for review of a final order of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. We *affirm*.

## BACKGROUND

Harold L. Wilborn was employed as a Supervisory Law Enforcement Communications Assistant at the Department of Homeland Security. At his request, he retired with an effective date of January 31, 2015. On October 12, 2015, Wilborn filed an appeal with the Board alleging that his retirement was involuntary and asserted various claims related to his alleged forced retirement. He also alleged claims under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") and the Whistleblower Protection Act ("WPA"). On July 1, 2016, the Board dismissed his appeal, concluding that Wilborn had failed to nonfrivolously allege facts which would support Board jurisdiction over his claims. Wilborn petitions for review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We may set aside a Board decision if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review the Board's conclusion on jurisdiction de novo and its jurisdictional factual findings for substantial evidence. *Rosario–Fabregas v. Merit Sys. Prot. Bd.*, 833 F.3d 1342, 1345 (Fed. Cir. 2016).

To establish Board jurisdiction over a constructive removal based on coercion, "the employee must establish that a reasonable employee confronted with the same circumstances would feel coerced into resigning." *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1329 (Fed. Cir.

2006) (en banc) (citation and quotation marks omitted). "[T]he fact that an employee is faced with an unpleasant situation or that his choice is limited to two unattractive options does not make the employee's decision any less voluntary." *Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1124 (Fed. Cir. 1996). There can be no jurisdiction if the complainant fails to assert a nonfrivolous allegation of fact that, if proven, would support jurisdiction. *Garcia*, 437 F.3d at 1344. Wilborn argues that his retirement was involuntary because he received a suspension for one day based on a charge of lack of candor. Wilborn also argues that his retirement was coerced because he received counseling concerning performance deficiencies, was placed on a Performance Improvement Plan, and was subsequently issued a notice of unsatisfactory performance. We agree with the Board that Wilborn has not nonfrivolously alleged that his decision to retire was involuntary.

Wilborn complains that the agency did not provide him with a complete investigative file in connection with the agency's processing of his Equal Employment Opportunity ("EEO") complaint. When an agency completes its investigation into a complainant's claims of discrimination as set forth in an EEO complaint, "the agency shall provide the complainant with a copy of the investigative file." 29 C.F.R. § 1614.108(f). Although the Board did not make any findings with respect to whether Wilborn received an investigative file, the Board determined that Wilborn failed to show that the alleged procedural deficiency could have influenced the voluntariness of his retirement. Indeed, Wilborn retired months before the agency completed its investigation into his EEO complaint. We see no error in the Board's analysis in this regard.

Even if the Board lacked jurisdiction over his claim for involuntary retirement, Wilborn asserts that the

Board still had jurisdiction over his WPA and USERRA claims. Wilborn asserts that he brought an Individual Right of Action appeal under the WPA. However, Wilborn does not allege that he exhausted Office of Special Counsel procedures before filing his appeal as required by 5 U.S.C. § 1214(a)(3). In any event, we see no error in the Board's determination that Wilborn failed to nonfrivolously allege that he made any protected disclosures or that the agency retaliated against him because of those disclosures.

In support of his USERRA claim, Wilborn argues that the agency subjected him to harassment and a hostile work environment because of his military status. Wilborn also claims that the agency denied his request for accrued sick leave relating to a service-connected disability. We agree with the Board that Wilborn has failed to make a nonfrivolous allegation that his military service was a motivating factor for any agency action that he alleges he suffered. *See* 38 U.S.C. § 4311(c).

Wilborn also asserts various discrimination claims. The Board does not have jurisdiction to consider discrimination claims independent of some action otherwise appealable to the Board. *Garcia*, 437 F.3d at 1325. Because the Board does not otherwise have jurisdiction over Wilborn's appeal, the Board did not err in declining to evaluate these claims.

Finally, Wilborn argues that he was denied a hearing before the MSPB. However, a complainant is entitled to a hearing only if he makes nonfrivolous allegations of fact that would support jurisdiction if proven. *See Garcia*, 437 F.3d at 1330. Because Wilborn failed to make any such nonfrivolous allegation, he is not entitled to a hearing.

We have considered Wilborn's remaining arguments and conclude that they are without merit.

## AFFIRMED

COSTS

No costs.